# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:15CR00025-005 |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | By: James P. Jones |
| **JOE TIMOTHY FIELDS,** | ) | United States District Judge |
| Defendant. | ) | |

*Joe Timothy Fields, Pro Se Defendant.*

The defendant, a federal inmate proceeding pro se, has filed a Motion to Clarify Sentencing Order, asking me to instruct the Bureau of Prisons ("BOP") to run his federal sentence concurrent with a state sentence he has yet to serve. For the following reasons, I will deny the motion.

Pursuant to a written Plea Agreement, the defendant pled guilty to one count of conspiracy to possess with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). The Plea Agreement included a "Joint Recommendation Regarding Concurrent Sentence" that stated as follows:

> The parties jointly recommend that any sentence imposed in this matter be run concurrent to the following case in Washington County, Virginia Circuit Court: Commonwealth v. Joe Timothy Fields, Criminal Case No. CR15-913; 914 & 918. I was sentenced to 35 years in Penitentiary with 32 years 11 months suspended in that case on November 10, 2015.

(Plea Agreement 7, ECF No. 201.) The state court's sentencing order stated that "[t]hese sentences shall run consecutive to any other." (Mot. Ex. 1 at 5, ECF No. 364-1.)

On February 11, 2016, I sentenced the defendant to a term of imprisonment of 108 months and directed that the "term shall run concurrent with undischarged portion of sentence from Washington County, Virginia Circuit Court." (J. 2, ECF No. 295.) At the time of sentencing, the prosecutor, defense counsel, and I were all under the mistaken impression that the defendant was in primary state custody and would therefore serve his state sentence first. However, the defendant was in fact in primary federal custody, since he had been arrested pursuant to a federal arrest warrant on July 16, 2015, (ECF No. 12) and detained pending trial (Order, July 23, 2015, ECF No. 16).

The sovereign that first arrests an offender has primary jurisdiction over that offender. *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005). "If, while under the primary jurisdiction of one sovereign, a defendant is transferred to the other jurisdiction to face a charge, primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign." *Id.* at 896-97. The state court records in the defendant's case indicate that he was temporarily obtained from federal authorities by a writ. *Commonwealth v. Fields*, Case No. CR15000913-00 (Washington Cty. Circuit Ct., Oct. 29, 2015) (Writ to "Transport

- 2 -

Case 1:15-cr-00025-JPJ-PMS   Document 365   Filed 09/07/16   Page 2 of 4   Pageid#: 3391

Federal Inmate"), *available at* http://courts.state.va.us (follow "Case Status & Info."; "Cir. Ct. Case Info."; "Wash. Cir. Ct."; "Case No."). He was returned to federal custody after his state sentencing and was delivered to a federal prison on March 16, 2016. (Executed J., ECF No. 334.) He is now serving his federal sentence.

On January 18, 2016, the Commonwealth of Virginia filed a detainer with the United States Marshals Service and the BOP, stating that the defendant's Virginia sentence "is consecutive with the sentence he is serving." (Mot. Ex. 1 at 7, ECF No. 364-1.) Thus, when the defendant finishes serving his federal sentence, Virginia will take custody of him and he will be required to serve his Virginia sentence. Although I intended for these two sentences to run concurrently, they will instead be consecutive, consistent with the state court's sentencing order.

Unfortunately for the defendant, I lack authority to remedy this problem. I have no power to order the BOP to transfer the defendant to state custody to begin serving his state sentence or to order the state court to change its sentence.

Because this court lacks the power to grant the relief requested, it is **ORDERED** that the defendant's Motion to Clarify Sentencing Order (ECF No. 364) is DENIED.

ENTER: September 7, 2016

/s/ James P. Jones
United States District Judge

- 4 -